UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| RAYMOND EDWARD CHESTNUT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 2:17-cv-0008-WTL-MJD |
| | ) | |
| CHARLES DANIELS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Denying Petition for Writ of Habeas Corpus and
Directing Entry of Final Judgment**

On December 12, 2016, petitioner Raymond Chestnut filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging 18 separate disciplinary hearings in Case No. 2:16-cv-0459-WTL-DKL. The Court determined that each disciplinary proceeding had the status of a separate court proceeding and ordered that 17 new habeas actions be filed. Thus, this action relates to Mr. Chestnut's challenge to the disciplinary proceeding that commenced with Incident Report No. 2334774.

The respondent filed a return to order to show cause. Mr. Chestnut did not reply and the time to do so has passed. For the reasons explained in this Entry, Mr. Chestnut's habeas petition must be **denied**.

### A.    Legal Standards

"Federal inmates must be afforded due process before any of their good time credits-in which they have a liberty interest-can be revoked." *Jones v. Cross*, 637 F.3d 841, 845 (7th Cir. 2011). "In the context of a prison disciplinary hearing, due process requires that the prisoner receive (1) written notice of the claimed violation at least 24 hours before hearing; (2) an

opportunity to call witnesses and present documentary evidence (when consistent with institutional safety) to an impartial decision-maker; and (3) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action." *Id.*; *see also Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell*, 418 U.S. 539, 570-71 (1974). In addition, "some evidence" must support the guilty finding. *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016).

## B. The Disciplinary Proceeding Regarding Incident Report 2334774

An Incident Report was written on August 1, 2012, charging Mr. Chestnut with violating Code 224 Assaulting Any Person, and it stated as follows:

> I, Officer S. Davis, while assigned to SHU Property, was escorting inmate Chestnut, Raymond #13465-171, to his assigned cell Z05-218L. When inmate Chestnut realized his property had been confiscated he refused to go into the cell. He turned around facing the grill and tried to pull away from me. I placed him on the grill to gain control. Inmate Chestnut then kicked backwards with his right foot, striking me in my left knee. SHU Lt. was notified and inmate was escorted off range with no further incident.

Dkt. No. 18-13 at 8.

Mr. Chestnut was issued a copy of the Incident Report 2334774 on August 2, 2012, charging him with Assaulting Any Person, in violation of Code 224. Dkt. No. 18-13 at 1, 8. On August 7, 2012, Mr. Chestnut was provided a Notice of Discipline Hearing Before the DHO and Inmate Rights at Discipline Hearing Form. Dkt. No. 18-13 at 1, 11. The Unit Disciplinary Committee ("UDC") referred the charge to the Disciplinary Hearing Officer ("DHO") for further hearing. Dkt. No. 18-13 at 8.

A hearing was conducted in front of the DHO on August 30, 2012. Dkt. No. 18-13 at 2, 12. At the onset of the hearing, the DHO noted that the UDC had advised Mr. Chestnut of his rights. *Id.* During the course of the hearing, Mr. Chestnut was offered the opportunity to present

witness testimony, which he chose not to do. *Id.* Mr. Chestnut also declined to submit any documentary evidence. *Id.* Mr. Chestnut was allowed an opportunity to provide a statement. He denied the charge, said he did not get the Incident Report within 24 hours, and that he did not kick Officer Davis. *Id.* Mr. Chestnut also asked that his staff representative look at the video and she did. She reported that it appeared to her that Mr. Chestnut did kick the officer. *Id.*

Upon consideration of the evidence, the DHO determined that Mr. Chestnut committed the prohibited act of Assaulting Any Person, in violation of Code 224. Dkt. No. 18-13 at 12. The DHO considered the reporting officer's eyewitness account in the Incident Report, Mr. Chestnut's own statement, and the statement of the staff representative. *Id.* The DHO sanctioned Mr. Chestnut as follows for the code 224 violation: (1) 30 days of disciplinary segregation; (2) disallowance of 27 days good conduct time; (3) forfeiture of 27 days non-vested good conduct time; and (4) loss of 60 days of telephone privileges. *Id.*

**C.     Analysis**

Mr. Chestnut argues that his due process rights were violated during the disciplinary proceeding. His claims are that: 1) before the hearing, he did not receive a written copy of the Incident Report or notice of the charges; 2) he was not afforded an opportunity to call witnesses or present documentary evidence in his defense; and 3) after the hearing, he requested a copy of the Hearing Officer's findings and decision but was not provided a copy. Dkt. No. 6. The Court notes that Mr. Chestnut's supplemental petition at docket 6 actually relates to "Report No. 2547206" which is being litigated in Case No. 2:17-cv-0017-JMS-MJD, but the respondent and the Court have treated the petition as challenging Incident Report 2334774 on the full range of due process rights identified in *Wolff. See* Dkt. No. 17, n. 1.

The record reflects that Mr. Chestnut was given a copy of the Incident Report on August 2, 2012, by Officer Edwards, more than 24 hours before any hearing. Dkt. No. 18-13 at 1, 7. Mr. Chestnut was informed of his rights before the August 30, 2012, hearing. Dkt. No. 18-13 at 2, 7.

Mr. Chestnut was offered the opportunity to present witness testimony and other evidence, but he did not request any witnesses or other evidence. Dkt. No. 18-13 at 7, 12. Based on the Incident Report and the staff representative's report on the video review, the DHO determined that Mr. Chestnut violated Code 224, Assaulting Any Person. Dkt. No. 18-13 at 12. The DHO's reason for the sanctions was that "[a]ssaulting any person will not be tolerated in the correctional environment. It can have extremely serious repercussions for both staff and inmates, since it tends to result in further disruptive and violent behavior." *Id.*

Although Mr. Chestnut does not challenge the sufficiency of the evidence, "a hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274. The Court cannot reweigh the evidence and finds that the Incident Report and the staff representative's statements satisfy the "some evidence" standard. The DHO's guilty finding is supported by sufficient evidence.

Mr. Chestnut was given adequate notice and had an opportunity to defend the charge. The DHO provided a written statement of the reasons for the finding of guilt and described the evidence that was considered. There was sufficient evidence in the record to support the finding of guilt. Under these circumstances, there were no violations of Mr. Chestnut's due process rights.

## D.    Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558.  There was no arbitrary action in any aspect of the

charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Chestnut to the relief he seeks. Accordingly, Mr. Chestnut's petition for a writ of habeas corpus relating to Report No. 2334774 must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 6/4/18

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

RAYMOND CHESTNUT
13465-171
EDGEFIELD - FCI
EDGEFIELD FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 725
EDGEFIELD, SC 29824

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
shelese.woods@usdoj.gov